E-FILED
Wednesday, 21 May, 2025 01:36:39 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**ROCK ISLAND DIVISION**

| | | |
|---|---|---|
| JAMES COTTON,<br><br>Plaintiff,<br><br>v.<br><br>MAJOR MARTINEZ (Star 668);<br>LIEUTENANT BRANDON MCCUNE;<br>LIEUTENANT JARED BATSON;<br>OFFICER ROY LITTLE;<br>OFFICER JAMAR RANGE;<br>OFFICER JOHN DOE; and,<br>STATE OF ILLINOIS<br><br>Defendants | ) | Case No. 4:25-cv-4105 |

## COMPLAINT AT LAW

NOW COMES Plaintiff James Cotton, by and through his attorney, David S. Lipschultz, and in support of his Complaint at Law against the Defendants, Major Martinez (Star No 668); Lieutenant Brandon McCune; Lieutenant Jared Batson; Officer Roy Little; Officer Jamar Range; Officer John Doe; and State of Illinois, states as follows:

JURISDICTION AND VENUE

1. This action is brought pursuant to the United States Constitution, 42 U.S.C. §1983 and §1988 (the Civil Rights Act of 1871), and the laws of the State of Illinois to redress deprivations of the civil rights of the Plaintiff, accomplished by acts and/or omissions of the Defendants and committed under color of law.

2. This Court has jurisdiction under and by virtue of 28 U.S.C. §1331 and §1343, and supplemental jurisdiction pursuant to 28 U.S.C. §1367.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391, as the acts complained of took place in this judicial district.

PARTIES

4. Plaintiff is a resident of County of Knox, State of Illinois.

5. Major Martinez (Star No 668) (hereinafter "Major Martinez") is an employee of the Illinois Department of Corrections (hereafter "IDOC"), serving as a correctional officer. At all times relevant to this Complaint, Major Martinez was acting within the scope of his employment with IDOC and under the color of law.

6. Lieutenant Brandon McCune (hereinafter "Lt. McCune") is an employee of the Illinois Department of Corrections (hereafter "IDOC"), serving as a correctional officer. At all times relevant to this Complaint, Lt. McCune was acting within the scope of his employment with IDOC and under the color of law.

7. Lieutenant Jared Batson (hereinafter "Lt. Batson") is an employee of the Illinois Department of Corrections (hereafter "IDOC"), serving as a correctional officer. At all times relevant to this Complaint, Lt. Batson was acting within the scope of his employment with IDOC and under the color of law.

8. Officer Roy Little (hereinafter "Officer Little") is an employee of the Illinois Department of Corrections (hereafter "IDOC"), serving as a correctional officer. At all times relevant to this Complaint, Officer Little was acting within the scope of his employment with IDOC and under the color of law.

9. Officer Jamar Range (hereinafter "Officer Range") is an employee of the Illinois Department of Corrections (hereafter "IDOC"), serving as a correctional officer. At all times relevant to this Complaint, Officer Range was acting within the scope of his employment with IDOC and under the color of law.

10. Officer John Doe (hereinafter "Officer Doe") is an employee of the Illinois Department of Corrections (hereafter "IDOC"), serving as a correctional officer. At all times relevant to this Complaint, Officer Doe was acting within the scope of his employment with IDOC and under the color of law. "John Doe" is a fictitious name; Plaintiff will seek to identify his identity in discovery.

11. Major Martinez, Lt. McCune, Lt. Batson, Officer Little, Officer Range and Officer Doe are referenced collectively as "Defendant Officers."

12. State of Illinois is sued for indemnification purposes only as the employer of the Defendant Officers.

ALLEGATIONS

13. On or about March 20, 2024, at approximately 7:00 a.m., Plaintiff was a prisoner residing in cell number 59, cell house 2 on the D Wing, at Hill Correctional Center, located at 600 South Linwood Road, in Galesburg, Illinois.

14. Officer Doe assaulted Plaintiff by conducting an unlawful and improper search and pat down of him. The unlawful and improper search includes, but is not limited to, the following: Officer Doe placed two of his fingers between Plaintiff's buttocks; grasped Plaintiff's penis and scrotum and squeezed them; and lifted Plaintiff's penis and scrotum up towards Plaintiff's stomach. This caused Plaintiff severe pain and trauma.

15. Officer Doe than patted Plaintiff on his shoulder and informed him that the search was completed.

16. Numerous correctional officers and inmates observed this unlawful search.

17. Plaintiff suffered trauma and other damages from this conduct; the trauma was aggravated by Plaintiff's history as a child victim of sexual abuse.

18. Later that day, Plaintiff made a report by telephone to the Prison Rape Elimination Act hotline.

19. The same day, Plaintiff reported the unlawful search to his mental health counselor.

20. The same day, Plaintiff filed a grievance on an emergency basis with Hill Correctional Center.

21. On or about March 21, 2024, Plaintiff reported the unlawful search to the Hill Correctional Center victim services unit.

22. On or about March 26, 2024, Defendant Officer Roy Little interviewed Plaintiff at the Hill Correctional Center's Office of Internal Affairs.

23. Several weeks passed after the date of his assault without Plaintiff receiving an acknowledgement from correctional officials about his various complaints.

24. Due to this lack of a response, in mid-April 2024 Plaintiff reported the assault to the Office of the Governor of Illinois.

25. On or about April 16, 2024, Plaintiff reported the assault to a medical professional at Hill Correctional Center. That professional informed Plaintiff that he would report the assault to the proper authorities.

26. On or about April 17, 2024, Lt. McCune ordered Plaintiff to be brought to the internal affairs office of Hill Correctional Center. In response to Lt. McCune's questions, Plaintiff informed Lt. McCune of the names of officers and inmates who witness the assault.

27. During this discussion, Lt. McCune accused Plaintiff of lying about the assault. Lt. McCune informed Plaintiff that no sexual assault upon Plaintiff had occurred.

28. On or about May 8, 2024, with no evidence that prison officials were taking his reports of his assault seriously, Plaintiff made a report to the Illinois State Police Department.

29. On or about May 27, 2024, the Defendant Officers retaliated against Plaintiff for his numerous reports of being sexually assaulted.

30. Defendant Officers retaliated against Plaintiff by transferring him from the regular prison population and into harsh segregation. Plaintiff was also punished with the loss of various privileges.

31. On or about May 30, 2024, received a disciplinary report informing him that he was placed in segregation as punishment for his complaints about his sexual assault.

32. Defendant Officers took part in the process resulting in the disciplinary report.

33. Plaintiff suffered additional trauma while in segregation.

## COUNT I
## 42 U.S.C. §1983 EIGHTH CLAIM/PRISON RAPE ELIMINATION ACT AGAINST DEFENDANT JOHN DOE

34. Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1 through 32.

35. Officer Doe inflicted cruel and unusual punishment upon the Plaintiff.

36. Officer Doe acted with deliberate indifference or reckless disregard for Plaintiff’s constitutional rights.

37. Officer Doe did so despite being trained in the provisions of the Prison Rape Elimination Act of 2003.

38. Officer Doe's conduct violated the Plaintiff's rights pursuant to the Eighth Amendment of the U.S. Constitution.

39. Defendant acted under color of law.

40. Plaintiff suffered damages.

WHEREFORE, Plaintiff James Cotton prays for judgment against Officer John Doe for compensatory damages, punitive damages, the costs of this action, attorney's fees pursuant to 42 U.S.C. §1988, and such other and additional relief as this Court deems equitable and just.

## COUNT II
## 42 U.S.C. §1983 FIRST AMENDMENT CLAIMS/ PRISON RAPE ELIMINATION ACT AGAINST DEFENDANT OFFICERS

41. Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1 through 32.

42. Plaintiff exercised his rights pursuant to the First Amendment of the U.S. Constitution by complaining to prison officials about Officer Doe's sexual assault upon him.

43. Defendant Officers intentionally retaliated against Plaintiff for his complaints by punishing him with a transfer into harsh segregation prison housing, and with the loss of various privileges.

44. Defendant Officers did so despite being trained in the provisions of the Prison Rape Elimination Act of 2003.

45. Defendant Officers' conduct violated the Plaintiff's rights pursuant to the First Amendment of the U.S. Constitution.

46. Defendant Officers' conduct would be likely to deter an average person in Plaintiff's circumstances from engaging in similar protected speech or conduct].

47. Defendants acted under color of law.

48. Plaintiff suffered damages.

WHEREFORE, Plaintiff James Cotton prays for judgment against Major Martinez (Star No 668); Lieutenant Brandon McCune; Lieutenant Jared Batson; Officer Roy Little; Officer Jamar Range; and Officer John Doe for compensatory damages, punitive damages, the costs of this action, attorney's fees pursuant to 42 U.S.C. §1988, and such other and additional relief as this Court deems equitable and just.

## COUNT III
## ILLINOIS LAW CLAIM - INDEMNIFICATION
## AGAINST STATE OF ILLINOIS

49. The Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1 through 48.

50. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

51. At all times relevant to this incident, the Defendant Officers were employees of the State of Illinois, and they acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, the Plaintiff, James Cotton, prays that should this Court enter judgment in his favor and against Major Martinez (Star No 668); Lieutenant Brandon McCune; Lieutenant Jared Batson; Officer Roy Little; Officer Jamar Range; and Officer John Doe, the State of Illinois will be ordered to pay the Plaintiff any judgment for compensatory damages obtained against those Defendants.

## JURY DEMAND

Plaintiff prays for trial by jury.

Respectfully submitted,

JAMES COTTON

/s/ David S. Lipschultz
David S. Lipschultz

David S. Lipschultz
Law Offices of David S. Lipschultz, Inc.
200 S. Michigan Avenue, Suite 201
Chicago, Illinois 60604
Telephone: 312-414-1778
Fax: 312-414-1887
Email: david@dsllawoffice.com